**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

06 APR 18 AM 9:22

TEXAS-EASTERN

BY_____

| | |
|---|---|
| SYNCHROME TECHNOLOGY INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:06cv155 |
| § | |
| HEWLETT PACKARD COMPANY, § | JURY TRIAL DEMANDED |
| SONY CORPORATION OF AMERICA, § | |
| INTERNATIONAL BUSINESS § | |
| MACHINES CORP., GATEWAY § | |
| COMPANIES, INC., DELL, INC. fka DELL § | |
| COMPUTER CORPORATION, LITE-ON § | |
| (USA) INTERNATIONAL INC. and § | |
| LENOVO GROUP LIMITED, § | |
| Defendants. § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SYNCHROME TECHNOLOGY INC. ("Synchrome") brings this action against Defendants HEWLETT PACKARD COMPANY, SONY CORPORATION OF AMERICA, INTERNATIONAL BUSINESS MACHINES CORP., GATEWAY COMPANIES, INC., DELL, INC. fka DELL COMPUTER CORPORATION, LITE-ON (USA) INTERNATIONAL INC. and LENOVO GROUP LIMITED, alleging as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Synchrome Technology Inc. is a Nevada corporation with its principal place of business at 5348 Vegas Drive, No. 567, Las Vegas, Nevada 89108. Synchrome is the named assignee of, owns all right title and interest in, and has standing to sue for infringement of United

1

States Patents No. 5,802,398, entitled "Method And Apparatus For Allowing Communication Between a Host Computer And At Least Two Storage Devices Over A Single Interface" issued September 1, 1998 ("the '398 patent") (Exhibit A) and No. 6,304,925 entitled "Method And Apparatus For Allowing Communication Between a Host Computer And At Least Two Storage Devices Over A Single Interface" issued October 16, 2001 ("the '925 patent") (Exhibit B).

3.  Defendant Hewlett Packard Company ("HP") is a Delaware corporation with principal places of business at 3000 Hanover Street, Palo Alto, California 94304. Upon information and belief, HP transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **HP may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.**

4.  Defendant Sony Corporation of America ("Sony") is a New York corporation with a principal place of business at 550 Madison Avenue, New York, New York 10022. Upon information and belief, Sony transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **Sony may be served with process by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.**

5.  Defendant International Business Machines Corporation ("IBM") is a New York corporation with a principal place of business at 1 New Orchard Road, Armonk, New York 10504. Upon information and belief, IBM transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **IBM may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.**

6. Defendant Gateway Companies, Inc. ("Gateway") is a Delaware corporation with a principal place of business at 7565 Irvine Center Drive, Irvine, California 92618. Upon information and belief, Gateway transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **Gateway may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.**

7. Defendant Dell, Inc. fka Dell Computer Corporation ("Dell") is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas, 78682. Upon information and belief, Dell transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **Dell may be served with process by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company located at 701 Brazos Street, Suite 1050, Austin, Texas 78701.**

8. Upon information and belief, Defendant Lite-On (USA) International Inc. ("Lite-On") is a California corporation with a principal place of business at 720 S. Hillview Drive, Milpitas, California, 95035. Upon information and belief, Lite-On transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **Lite-On may be served with process by serving its registered agent, CT Corporation System located at 350 N. St. Paul Street, Dallas, Texas 75201.**

9. Upon information and belief, Defendant Lenovo Group Limited ("Lenovo") is a New York Corporation with a principal place of business at The Centre at Purchase, One Manhattanville Road, Purchase, New York 10577. Upon information and belief, Lenovo transacts business and has sold to customers in this judicial district and throughout the State of Texas products that infringe claims of the '398 and '925 patents. **Lenovo may be served with process by**

**serving its CEO, William J. Amelio (or other officer, managing or general agent authorized to receive service or process) at The Centre at Purchase, One Manhattanville Road, Purchase, New York 10577.**

## JURISDICTION AND VENUE

10. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

11. Personal Jurisdiction over the defendant is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

12. HP has infringed the '398 and '925 patents by making, offering for sale, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, any and all desktop and workstation computing systems configured with two optical drives connected to a single IDE channel, such as the Media Center series, the Pavilion series, the Compaq Presario series, the Workstation XW series, the Compaq DX and DC series of products, and any accessory optical drives intended for inclusion in a desktop or workstation computing system, just to name a few. HP has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

13. HP's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

14. Sony has infringed the '398 and '925 patents by making, offering for sale, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, any and all desktop and workstation computing systems configured with two optical drives connected to a single IDE channel, such as the VAIO series of products, and any optical drives intended for inclusion in a desktop or workstation computing system, such as the DRU series of products, just to name a few. Sony has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

15. Sony's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

16. IBM has infringed the '398 and '925 patents by making, offering for sale, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, any and all desktop and workstation computing systems configured with two optical drives connected to a single IDE channel, such as the ThinkCentre series of products, and any optical drives intended for inclusion in a desktop or workstation computing system, such as DVD and CD reading and writing accessories for the ThinkCenter series of products, just to name a few. IBM has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

17. IBM's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until

the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

18. Gateway has infringed the '398 and '925 patents by making, offering for sale, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, any and all desktop and workstation computing systems configured with two optical drives connected to a single IDE channel, such as the DX series of products, the FX series, the Profile series, the eMachines series of desktop computers, and any optical drives sold as accessories for inclusion in a desktop or workstation computing system, just to name a few. Gateway has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

19. Gateway's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

20. Dell has infringed the '398 and '925 patents by making, offering for sale, selling and/or using computer products incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, any and all desktop and workstation computing systems configured with two optical drives connected to a single IDE channel, such as the Dimension series of products, the Precision series, and any optical drives sold as accessories for inclusion in a desktop or workstation computing system, just to name

a few. Dell has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

21. Dell's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

22. Lite-On has infringed the '398 and '925 patents by making, offering for sale, selling and/or using archival data storage devices incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, the Lite-On SOHW 1633S and SHOW 1633S47C data storage devices. Lite-On has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

23. Lite-On's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

24. Lenovo has infringed the '398 and '925 patents by making, offering for sale, selling and/or using archival data storage devices incorporating methods and structures protected by one or more claims of the '398 and '925 patents, including by way of example but not limitation, the Lenovo "ThinkCentre" series of desktop computers. Lenovo has also infringed the '398 and '925 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others.

25. Lenovo's infringement, contributory infringement and inducement to infringe have been willful and deliberate and have injured and will continue to injure Synchrome unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale and/or offer for sale of products that fall within the scope of the '398 and '925 patents.

## PRAYER FOR RELIEF

WHEREFORE, Synchrome asks this Court to enter judgment against defendants and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate Synchrome for the infringement that has occurred, together with prejudgment interest from the date infringement of the '398 and '925 patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Synchrome of its attorneys' fees and costs as provided by 35 U.S.C. § 284;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '398 and '925 patents; and,

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Synchrome demands a trial by jury on all issues presented in this Original Complaint for Patent Infringement.

Dated this 18th day of April, 2006.

Respectfully submitted,

*/s/ Jonathan T. Suder*

Jonathan T. Suder
State Bar No. 19463350
Christian D. Tucker
State Bar No. 00795690
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)
Email: jts@fsclaw.com
Email: tucker@fsclaw.com

*/s/ Philip P. Mann by permission by JTS*

Philip P. Mann
MANN LAW GROUP
1420 Fifth Avenue, Suite 2200
Seattle, Washington 98101
(206) 224-3553
(206) 224-2880 (fax)
Email: phil@mannlawgroup.com

*/s/ John E. Whitaker by permission by JTS*

John E. Whitaker
WHITAKER LAW GROUP
755 Winslow Way East, Suite 304
Bainbridge Island, WA 98110
(206) 384-4417
Fax (206) 347-1058
Email: john@wlawgrp.com

ATTORNEYS FOR PLAINTIFF
SYNCHROME TECHNOLOGY, INC.

k:\synchrome\pleadings\complaint.doc